HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BANKERS LIFE AND CASUALTY CO.,

    Plaintiff,

v.

DONNA JUPITER, ROBERT JAY JUPITER, RUSSEL JAMES JUPITER, RYAN ROY JUPITER, KERRI ANN JUPITER-NUTE,

    Defendants.

No. 11-00322-RBL

ORDER DENYING DEFENDANT DONNA JUPITER'S MOTION TO DISMISS
[Dkt. #25]

THIS MATTER comes before the Court on Defendant Donna Jupiter's Motion to Dismiss Bankers Life Casualty Company's interpleader action. [Dkt. #25]. Donna claims that the interpleader is improper because Bankers Life has unclean hands, engaged in insurance bad faith, and violated the Consumer Protection Act. [Dkt. #25, at p. 1].

## I.    FACTS

In 2004, Bankers Life agent Smokey Lynn sold three annuities to Robert J. Jupiter (now deceased) and Donna Jupiter. According to Donna, she and Robert intended the annuity proceeds to pass onto the surviving spouse. The application for each annuity listed Donna Jupiter as "Joint Owner" of the annuity. The application also listed the decedent's children as equal beneficiaries. Robert died on November 8, 2010. Donna Jupiter and her step-children separately filed claims of ownership to the annuity proceeds.

ORDER - 1

On February 23, 2011, Bankers Life filed this interpleader action to limit their liability in response to the multiple claims. Bankers Life alleges that it has "invited Donna and the Children to resolve their dispute as to the entitlement to the Anunuity Proceeds, and has offered to honor any such settlement among them." [Complaint, Dkt. #1, at p. 5]. It deposited the annuity proceeds ($86,536.23) to the Clerk of the Court. [*Id.*] Bankers Life claims it cannot determine the annuity proceeds' rightful owner. [*Id*. at p. 4] Bankers Life claims that it has no interest in the dispute, and "fears exposure to multiple liability if it delivers the Annuity Proceeds to any of the Defendants." [Dkt. #1, at p. 4]. Bankers Life seeks to discharge itself from obligation to any of the Defendants.

On April 1, 2011, Donna Jupiter sued Bankers Life in Pierce County Superior Court, alleging Consumer Protection Act violations, bad faith, and contract reformation. [Def. Mot. to Dismiss, Dkt. #25, Ex. A]. Donna alleges that the Bankers Life's agent assured her that the annuity proceeds would pass to the surviving spouse and then to the decedent's children. She alleges that the agent "did not fully understand how to fill out [Bankers Life's] annuity application form for accomplishing what [Donna] had instructed her to do." [*Id.*] Donna claims that she is entitled to be made whole, even if the actual annuity proceeds go to the children.

Donna moves to dismiss Bankers Life's interpleader action in this Court under Rules 12(b)(6), 12(d), and 56. [Dkt. #25]. She claims Bankers Life's inequitable conduct makes the interpleader improper and seeks adjudication of the dispute in her state court action. [*See* Def.'s Resp. to Pl.'s Mot. for Prelim. Injunc., Dkt. # 27; Order Denying Pl.'s Mot., Dkt. # __ ].

## II. AUTHORITY

### A. Summary Judgment Standard

Donna seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(d), and Fed. R. Civ. P. 56. Because the resolution of the Motion requires the Court to look at allegations outside the pleadings, the Court reviews it as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is

entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### III. DISCUSSION

Donna claims that Bankers Life cannot pursue interpleader relief because it has acted inequitably. Federal Rule of Civil Procedure 22 governs interpleader actions, which allow a disinterested stakeholder to protect itself from multiple liabilities by joining additional parties with similar claims in one suit. Fed. R. Civ. P. 22; *See also Standard Ins. Co. v. Nelson*, 2007 WL 1453099, at *1 (W.D. Wash. May 17, 2007). Interpleader is an equitable remedy. A party may not have acted fraudulently or with deceit in order to obtain equitable relief. *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000).

A. **Unclean hands**

Donna argues that Bankers Life cannot pursue this interpleader action because of it has unclean hands in allegedly creating flawed annuities. A party has unclean hands when it has violated conscience, good faith, or other equitable principles in its prior conduct. *Dollar Sys. Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). The doctrine of unclean hands requires bad intent instead of mere negligence. *Id*.

Viewed in the light most favorable to Bankers Life, the evidence does not demonstrate its bad intent in creating and selling the annuities to Donna Jupiter. At worst, the evidence shows that the annuities were drafted carelessly. Banker's Life agent Smokey Lynn declared, "[t]he contract forms were a bit complicated concerning annuitants and Joint Owners. I subsequently

learned that the annuities forms may not have fulfilled what I was instructed to do and intended to do." [Dkt. #25, Ex. D].  Mistake does not support a finding of unclean hands.  The Motion to Dismiss under the doctrine of unclean hands is therefore DENIED.

B. **Bad Faith**

Donna argues that Bankers Life's demonstrated bad faith in bringing the interpleader action to this Court.  To establish insurance bad faith in Washington state, a party must show the insurer's actions were "unreasonable, frivolous, or unfounded."  *Dewitt Const. Inc. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1138 (9th Cir. 2002).  "Actions by an insurer done without reasonable justification are done without good faith."  *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 114 Wn.2d 907, 917 (1990).

There is no evidence supporting Bankers Life's bad faith in pursuing this interpleader action.  Bankers Life had alleged that it cannot resolve who the true owner of the annuity proceeds is and that it does not have an interest in the outcome of that dispute.  [Dkt. #1, at p. 4]. It brought this action to compel the parties to resolve the dispute and to limit its own liability. An inability to resolve a dispute cannot be characterized as unreasonable, frivolous, or unfounded.  The Motion to Dismiss due to Bankers Life's alleged bad faith is therefore DENIED.

C. **Consumer Protection Act**

Donna argues that Banker's Life has violated the Consumer Protection Act in settling this dispute through unfair or deceptive acts.  The first element of a Consumer Protection Act claim requires demonstration of an unfair or deceptive act or practice.  RCW 19.86.020; *See also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d778, 784–85.  An insurer engages in unfair or deceptive trade or practice if it "does not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."  WAC 284-30-330(6) (2011); RCW 48.30.010.

Donna argues that Bankers Life violated the CPA by failing to communicate and failing to conduct a reasonable investigation when it was made aware of Defendants' claim against it. Bankers Life Bankers Life maintains that it tried to settle the claim as quickly as possible, and

that it initiated this action to resolve the dispute over who should receive the annuity proceeds. Bankers Life's claims create a genuine issue of material fact as to whether or not its actions regarding the dispute were unfair or deceptive. The Motion to Dismiss under the CPA is therefore DENIED.

### IV. CONCLUSION

Viewed in the light most favorable to Bankers Life, genuine issues of material fact exist about alleged unfair actions of Bankers Life that might preclude it from pursuing equitable relief. Summary judgment is not appropriate, and Donna Jupiter's Motion to Dismiss [Dkt. #25] is DENIED.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE