HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BANKERS LIFE AND CASUALTY CO.,

    Plaintiff,

v.

DONNA JUTIPER, ROBERT JAY JUTIPER, RUSSEL JAMES JUTIPER, RYAN ROY JUTIPER, KERRI ANN JUTIPER-NUTE,

    Defendants.

No. 11-00322-RBL

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Dkt. #22]

THIS MATTER comes before the Court on Plaintiff Banker's Life and Casualty Company's Motion for Preliminary Injunction. [Dkt. #22]. Bankers Life seeks to prevent Defendants from pursuing their state court action against Bankers Life alleging violations of the Consumer Protection Act, bad faith, and contract reformation. Bankers Life's Motion is based on the existence of this interpleader action.

**I.    FACTS**

In 2004, Bankers Life agent Smokey Lynn sold three annuities to Robert J. Jupiter (now deceased) and Donna Jupiter. According to Donna, she and Robert intended the annuity proceeds to pass onto the surviving spouse. The application for each annuity listed Donna Jupiter as "Joint Owner" of the annuity. The application also listed the decedent's children as equal beneficiaries. Robert died on November 8, 2010. Donna Jupiter and her step-children separately filed claims of ownership to the annuity proceeds.

ORDER - 1

On February 23, 2011, Bankers Life filed this interpleader action to limit their liability in response to the multiple claims. Bankers Life alleges that it has "invited Donna and the Children to resolve their dispute as to the entitlement to the Anunuity Proceeds, and has offered to honor any such settlement among them." [Complaint, Dkt. #1, at p. 5]. It deposited the annuity proceeds ($86,536.23) to the Clerk of the Court. [*Id.*] Bankers Life claims it cannot determine the annuity proceeds' rightful owner. [*Id*. at p. 4] Bankers Life claims that it has no interest in the dispute, and "fears exposure to multiple liability if it delivers the Annuity Proceeds to any of the Defendants." [Dkt. #1, at p. 4]. Bankers Life seeks to discharge itself from obligation to any of the Defendants.

On April 1, 2011, Donna Jupiter sued Bankers Life in Pierce County Superior Court, alleging Consumer Protection Act violations, bad faith, and contract reformation. [Def. Mot. to Dismiss, Dkt. #25, Ex. A]. Donna alleges that the Bankers Life's agent assured her that the annuity proceeds would pass to the surviving spouse and then to the decedent's children. Donna alleges that the agent "did not fully understand how to fill out [Bankers Life's] annuity application form for accomplishing what [Donna] had instructed her to do." [*Id.*] She claims that she is entitled to be made whole, even if the actual annuity proceeds go to the children.

Bankers Life moves to enjoin Donna's state court action under 28 U.S.C. §2283, arguing that the state action is a competing action to the federal impleader action, exposing it to possibly inconsistent results. [Dkt. #22].

## II.   AUTHORITY

Bankers Life argues that Donna Jupiter's state court action should be stayed under the Anti-Injunction Act, 28 U.S.C. §2283. The Act generally forbids federal courts from enjoining state court proceedings except "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Injunctions are allowed narrowly. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). "Any doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970). A federal

court may not enjoin a state court action "merely because the state court[ ] might reach a conclusion before the district court does." *Negrete v. Allianz life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). An injunction is justified when a parallel state action "threatens to render the exercise of the federal court's jurisdiction nugatory." *Sandpiper Vill. Condo. Ass'n Inc. v. La-Pac. Corp.*, 428 F.3d 831, 843–44 (9th Cir. 2005). Injunctions are also justified when they "prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Jam Cho*, 486 U.S. at 147.

### III. DISCUSSION

Bankers Life argues that Donna Jupiter's state court action is parallel to the interpleader and will cause "expense, uncertainty and potential inconsistency." [Mot. for Prelim. Injunc., Dkt. #22, at p. 4]. Donna maintains that the federal action is improper [*See* Def. Mot. to Dismiss, Dkt. #25; Order Denying Def. Mot. to Dismiss, Dkt. # __] and that there is no compelling reason to stay the state action.

The interpleader raises a single issue: the true owner of the annuity proceeds. Donna has asserted no counterclaims in this action. In state court, Donna asserts a breach of contract claim, negligence claims, a Consumer Protection Act claim, an intentional or negligent infliction of emotional distress claim, and a bad faith claim. [Dkt. #25, Ex. A]. Donna also seeks damages in the amount of the annuity proceeds. [*Id.*]

The true owner of the annuity proceeds is an issue separate and distinct from the alleged wrongful acts of Bankers Life against Donna. Resolving the former will not necessarily preclude Donna from recovering damages in state court for the latter.[1]

Moreover, the state action involves different parties. In the state court action, Donna is the only plaintiff, and Bankers Life, Bankers Life agent Smokey Lynn, and Donna's stepchildren are co-defendants. In the federal action, Bankers Life is the only plaintiff and Donna and her step-children are co-defendants. Smokey Lynn is not part of the federal action.

---

[1] Inconsistent results would not occur if the Court finds that the children are the true owner of the annuity proceeds. However, if the Court finds that Donna is the true owner and is awarded the annuity proceeds, she cannot also recover that amount in state court.

## IV.  CONCLUSION

Because the state court action is not truly parallel to the interpleader, Plaintiff Bankers Life's Motion to Enjoin Donna Jupiter's state court action [Dkt. #22] is DENIED.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE